IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| HELENE BOURDON,<br><br>    Plaintiff,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY and TRAVELERS INDEMNITY COMPANY,<br><br>    Defendants. | CV 12–97–M–DWM<br><br>ORDER |

  Helene Bourdon alleges that Mountain West Insurance Company violated Montana's Unfair Trade Practices Act. Mountain West moves for summary judgment. The Court grants that motion in part and denies it in part. Bourdon and Mountain West also filed motions in limine. Mountain West's motions in limine are granted and Bourdon's motion in limine is denied subject to renewal at trial.

## BACKGROUND

  This case stems from a fire in Bourdon's rental property. Bourdon hired a chimney sweep, Randy Vannoy, to sweep the chimney of her rental house. After Vannoy swept the chimney, Bourdon's house caught on fire and burned.

1

Bourdon alleged that Vannoy negligently caused the fire. Travelers Insurance Company was her property insurer for the rental. Travelers made payments to Bourdon for her claims and then filed a subrogation claim against Vannoy. Travelers and Vannoy, along with Vannoy's insurer—Mountain West Insurance Company, settled that litigation.

Bourdon also sued Vannoy, alleging negligence. That litigation settled, and Bourdon released Vannoy. But she didn't release Vannoy's insurer, Mountain West. Bourdon alleges in this lawsuit that Mountain West violated Montana's Unfair Trade Practices Act. She also alleges a breach of contract claim.

**SUMMARY CONCLUSION**

The Court grants Mountain West's motion for summary judgment. Bourdon stipulates to dismissal of her breach of contract claim. As to her Unfair Trade Practices Act claim, Bourdon insists that she isn't pursuing a claim under Subsections 33–18–201(7), so Mountain West's motion is denied as moot as it relates to that subsection. But the Court grants summary judgment as the motion relates to Subsection 33–18–201(13) because Bourdon hasn't explained how Mountain West violated that subsection. The Court grants Mountain West's motion in limine to bar Morrison from offering legal conclusions at trial and grants Mountain West's unopposed motion in limine. The Court denies Bourdon's

motion in limine.

**STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**ANALYSIS**

I. **Motion for summary judgment**

Mountain West moves for summary judgment on Bourdon's breach of contract claim, her claims under Subsections 33–18–201(7) and (13) of the Unfair Trade Practices Act, and some of Bourdon's claimed damages. The Court grants in part and denies in part Mountain West's motion.

The plaintiffs didn't file a statement of genuine issues along with their response to Mountain West's motion, so the Court presumes that no material facts are in dispute. *See* Local Rule 56.1(d).

### A. Bourdon stipulates to dismissal of her breach of contract claim.

In her complaint, Bourdon alleges a breach of contract claim against Mountain West, but she now stipulates to dismissal of that claim. That claim is dismissed.

### B. Montana Code Annotated §§ 33–18–201(7), 33–18–201(13).

Bourdon's third claim for relief alleges violations of Section 33–18–201 of Montana's Unfair Trade Practices Act. She doesn't identify which of the 14 subsections that Mountain West purportedly violated,[1] but Mountain West moves for summary judgment on two of those subsections: Subsections 33–18–201(7) and (13).

#### 1. Montana Code Annotated § 33–18–201(7)

Subsection 33–18–201(7) prohibits an insurer from "compel[ling] insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds."

While Bourdon doesn't specifically allege a violation of this subsection, she claims: "[Mountain West's] refusal to accept any liability when Vannoy's

---

[1] A plaintiff may recover damages under only six of the 14 subsections. *See* Mont. Code Annotated § 33–18–242(4). But, still, Bourdon doesn't plead which of those six subsections Mountain West purportedly violated.

negligence became reasonably clear," which "forced Bourdon to institute litigation to recover amounts due to her under Vannoy's commercial general liability policy." (Amended Complaint, doc. 29 at ¶ 45.)

Mountain West argues that this conduct doesn't violate Subsection 33–18–201(7) because: (1) the subsection applies only to Mountain West's insureds, which Bourdon isn't, and (2) third parties, like Bourdon, have no independent cause of action for alleged violations of this subsection, *see* Mont. Code Ann. § 242.

In her response brief, Bourdon states that she isn't alleging that Mountain West violated Section 33–18–201(7). Instead, she claims that the conduct alleged in paragraph 45 of her amended complaint constitutes a violation of Subsections 33–18–201(4), (6), and (13). Under those subsections, an insured may not:

> . . .
>
> (4) refuse to pay claims without conducting a reasonable investigation based upon all available information;
>
> . . .
>
> (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; [or]
>
> . . .

> (13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;"

> . . .

Mont. Code Ann. § 33–18–201(4), (6), (13).

The parties, then, agree that Bourdon hasn't stated a claim under Subsection 33–18–201(7). Given this judicial admission, the Court denies as moot Mountain West's motion as it relates to Subsection 33–18–201(7).

Mountain West doesn't seek summary judgment on either 33–18–201(4) or (6), and it didn't address those two subsections in its reply brief, so the Court doesn't need to address those subsections at this point. This leaves only Subsection 33–18–201(13).

### 2. Montana Code Annotated § 33–18–201(13)

Subsection 33–18–201(13) prohibits an insurer from "fail[ing] to promptly settle claims if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage." The Montana Supreme Court explained in *Ridley v. Guaranty National Insurance Co.*: " 33–18–201(13), MCA, applies to an insurer's failure to pay one type of damages for which liability has become

6

reasonably clear in order to influence settlement of claims for other types of damages made pursuant to the same policy . . . ." 951 P.2d 987, 994 (Mont. 1997).

Again, Bourdon doesn't specifically allege a violation of Subsection 33–18–201(13) in her amended complaint, but she does argue in her briefing that "[Mountain West] violated Mont. Code Ann. § 33–18–201(13) by settling the subrogation claim asserted against its insured by Travelers in order to influence Bourdon's right to recovery." (Response Br., doc. 60 at 11.) Specifically, Bourdon claims that Mountain West settled with Travelers before settling with Bourdon so that it could point to the settlement and argue that Bourdon was attempting an impermissible double recovery.

Bourdon is correct when she asserts that a third-party claimant can sue an insured under Subsection 33–18–201(13). But she utterly fails to describe how Mountain West violated that subsection. She doesn't allege, for instance, that Mountain West refused to settle under one portion of the policy in order to influence settlement under a different portion of the policy. Instead, she alleges that Mountain West settled its claims with one entity to somehow influence its liability to another entity or create a defense to that entity's claim. That scenario doesn't trigger Subsection 33–18–201(13) under any reading.

Bourdon repeatedly claims that Mountain West violated Montana's "made

7

whole" doctrine by settling with Travelers before attempting to settle Bourdon's claims. But, regardless of whether that is true and whether Mountain West's conduct was somehow unlawful, Bourdon offers no explanation for how that conduct violates Subsection 33–18–201(13).

Mountain West asks the Court to declare that "regardless of what subsection(s) of 33–18–201 [Bourdon] bases her claims on, there was a reasonable basis in law for Mountain West's position that [Bourdon] was entitled to recover only once for her losses, irrespective any subrogation action." That much is true—under Montana law, an insured may not recover twice for the same loss. *See e.g. Skauge v. Mt. Sts. Tel. & Telegraph Co.*, 565 P.2d 628, 630 (Mont. 1977). Indeed, the very purpose of subrogation is to prevent that type of double recovery. *Id.*

The Court, however, need not (and cannot) determine whether Mountain West's reliance on that principle is a valid defense to its alleged wrongful settlement of Travelers' subrogation claim. Other than Subsection 33–18–201(13)—which doesn't apply here—Bourdon doesn't identify any other subsection of Section 33–18–201 that Mountain West purportedly violated by settling with Travelers. So Mountain West doesn't need to assert a defense for its settlement with Travelers because Bourdon hasn't asserted any valid basis in law

8

for why that settlement was unlawful. Bourdon's position is that the settlement was unlawful only under Subsection 33–18–201(13). If Bourdon had alleged that Mountain West's settlement with Travelers violated some other subsection of Section 33–18–201, then the Court might have to consider Mountain West's reliance on the double recovery principle as a defense in the context of that particular subsection. But that isn't the case here.

### C. Damages

In its opening brief, Mountain West asks the Court to grant summary judgment on two categories of damages: (1) losses in the underlying incident, for which Bourdon has already been compensated, and (2) attorney's fees from the underlying incident. Bourdon doesn't oppose Mountain West's motion as to the attorney's fees, so the Court grants summary judgment in favor of Mountain West on that category of damages.

As to the first category of damages, Bourdon, makes clear in her response brief that she isn't attempting to recover for losses in the underlying incident that have already been paid to her. Instead, she claims she is seeking damages for "1) over three years of interest on her damage claim [i.e., roughly $135,000] as a result of [Mountain West's] unfair claims handling; 2) emotional distress in connection with [Mountain West's] unfair claims handling; and 3) punitive damages."

9

Bourdon is bound by her judicial admission that she isn't attempting to recover for losses already compensated. *United States v. Davis*, 332 F.3d 1163, 1168 (9th Cir. 2003). So there is no reason to grant summary judgment in favor of Mountain West on this point. The Court dismisses as moot Mountain West's motion as to this category of damages.

With respect to the three categories of damages that Bourdon claims she is seeking to recover, Mountain West addresses only the lost interest damages in its reply brief. Mountain West writes:

> Bourdon represents that she seeks as damages lost interest on $135,000, an amount arrived at by combining Travelers' first-party payments to her with the $53,000 paid to her by Mountain West on behalf of Mr. Vannoy. . . . While Bourdon's damages outline might not represent how bad faith damages are normally calculated, Mountain West is willing to agree to a method for calculating damages in this case based upon lost interest, but with one critical difference—Bourdon may only seek lost interest from Mountain West on the $53,000 that was eventually paid to her by Mountain West on behalf of Vannoy, and not on the additional amounts paid to her by Travelers as her first-party fire insurance recovery.

(Mt. West's Reply Br., doc. 65 at 10.) Mountain West argues that any claim for lost interest on the amount of money that Travelers' paid her is a claim against Travelers and not Mountain West.

To be sure, Mountain West didn't move for summary judgment on the lost interest damages. That issue only arose in Bourdon's response brief when she

specified which categories of damages she is pursuing. Mountain West offers a proposed stipulation in its reply brief—that Bourdon can seek to recover interest only on the amount that Mountain West paid to Bourdon—but Bourdon hasn't had a chance to respond to that proposal. The Court defers its ruling on this point and orders Bourdon to file a surreply in response to Mountain West's argument that Bourdon may only seek lost interest on the $53,000 that it paid to Bourdon.

## II. Motions in limine

Courts have "wide discretion" when considering and ruling on a motion in limine. *Ficek v. Kolberg–Pioneer, Inc.,* 2011 WL 1316801 at *1 (D. Mont. Apr.5, 2011) (citing *Trichtler v. Co. of Lake,* 358 F.3d 1150, 1155 (9th Cir. 2004)). But a Court will grant a motion in limine and exclude evidence only if the evidence is "inadmissible on all potential grounds." *Educ. Logistics Inc. v. Laidlaw Transit Inc.*, 2012 WL 1142513, at *1 (D. Mont. April 4, 2012) (citations and internal quotation marks omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (citations and internal quotation marks omitted). "This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.*

(citations and internal quotation marks omitted).

## A. Bourdon's motion in limine

Bourdon moves the Court to exclude two of Mountain West's damages experts: Tom Beaudette and Cy Minert. The motion is denied, subject to renewal at trial.

Minert was the property adjuster for Travelers, Bourdon's insurer. Minert and Travelers hired Beaudette, a structural engineer, to evaluate the damage to Bourdon's home and the repairs that would be required to fix that damage. Beaudette concluded that Bourdon's home could be repaired. Bourdon disagreed, believing that the house needed to be demolished and rebuilt. During settlement, Mountain West purportedly relied on Minert and Beaudette's conclusions regarding the extent of repairs that would be necessary.

Bourdon now argues that Minert's and Beaudette's testimony should be excluded because Mountain West didn't do its own investigation into the damages that Bourdon claimed or, more specifically, an investigation of Minert's and Beaudette's conclusions. Nor, Bourdon argues, did Mountain West deny liability on the basis of the damages that Bourdon claimed. So, Bourdon argues, Minert's and Beaudette's testimony is irrelevant.

Mountain West responds that it did rely on Minert's and Beaudette's

conclusions during settlement negotiations. And, since Bourdon claims that Mountain West acted unfairly during the settlement process, the testimony is relevant because it shows why Mountain West took the positions that it did. Mountain West also argues that several of Bourdon's claimed damages depend on her position that her house couldn't be repaired but must have been demolished and rebuilt.

The Court denies Bourdon's motion, subject to renewal at trial. Depending on the context, Minert's and Beaudette's testimony could be relevant to show why Mountain West took the position that it did. The fact that Mountain West might not have viewed Minert and Beaudette's underlying data doesn't necessarily make their testimony "inadmissible on all potential grounds." *Educ. Logistics Inc.*, 2012 WL 1142513 at *1. At trial, "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.*

### B. Mountain West's first motion in limine

Mountain West moves to exclude portions of John Morrison's expert testimony. Mountain West argues that, based on Morrison's expert report, he will attempt to offer impermissible legal conclusions. The Court grants Mountain West's motion in limine, barring Morrison from offering legal conclusions—i.e., that Mountain West violated the Unfair Trade Practices Act—in his testimony.

13

While expert witnesses may testify as to ultimate issues of fact, they may not testify as to ultimate issues of law. Fed. R. Evid. 704(a); *Nationwide Transp. Fin. v. Cass Info. Sys.*, Inc., 523 F.3d 1051, 1058–59 (9th Cir. 2008); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). So an expert may testify as to the facts underlying a plaintiff's allegation that the defendant violated a statute, but the expert can't say that the defendant did, in fact, violate the statute. *See e.g. Wood v. Mont. Dept. of Revenue*, 2011 WL 4348301, *3 (D. Mont. Sept. 16, 2011).

Here, Morrison repeatedly asserts in his expert report, either explicitly or implicitly, that Mountain West violated the Unfair Trade Practices Act. For example, Morrison writes: "MWFB violated its duty to promptly, fairly and in good faith settle Ms. Bourdon's claims where liability was reasonably clear." This language tracks the duty outlined Montana Code Annotated § 33–18–201(6). Morrison's conclusion is a legal conclusion that he isn't permitted to offer. But he is permitted to testify as to the factual circumstances that led to the purported violation of Section 33–18–201(6). There are a number of other similar examples in Morrison's report. (*See* Mountain West's Opening Br., doc. 39 at 5–6.)

Bourdon doesn't offer a convincing counter argument. She merely claims that Morrison should be permitted to discuss the statutory language because the

14

industry standard of care tracks that language. She provides no support for her argument.

C.     **Mountain West's second motion in limine**

Mountain West also moves to exclude all voir dire, argument, and testimony related to:

1. Emotional distress suffered by Plaintiff as a result of the fire at her rental property;

2. Plaintiff's loan to finance expert costs in the present litigation;

3. Plaintiff's emotional distress caused by the present litigation.

Bourdon doesn't oppose the motion, and the Court grants it.

CONCLUSION

Mountain West's motion for summary judgment is granted in part and denied in part. The motion is granted as it relates to the breach of contract claim and Mountain West's alleged violation of Subsection 33–18–201(13). But, given Bourdon's judicial admission that she isn't pursuing a claim under Subsection 33–18–201(7), the Court denies as moot Mountain West's motion as it relates to that subsection. Mountain West's motion as it relates to Bourdon's claim for attorney's fees is also granted. But Mountain West's motion is be denied as moot as it relates to any damages for losses incurred in the fire. Bourdon, though, must

file a surreply that addresses Mountain West's proposed stipulation concerning lost interest.

As for the motions in limine, the Court grants Mountain West's unopposed motion and grants its motion to bar Morrison from offering improper legal conclusions. The Court denies Bourdon's motion to exclude Minert and Beaudette subject to renewal at trial.

IT IS ORDERED that Mountain West's motion for summary judgment (doc. 40) is GRANTED IN PART and DENIED IN PART, as described in this order.

IT IS FURTHER ORDERED that Bourdon shall file a surreply no later than 14 days from the date of this order that addresses Mountain West's proposed stipulation concerning lost interest damages.

IT IS FURTHER ORDERED that Mountain West's motions in limine (docs. 38, 56) are GRANTED.

IT IS FURTHER ORDERED that Bourdon's motion in limine (doc. 35) is DENIED, subject to renewal at trial.

Dated this 15th day of August 2013.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT